**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No. 1:20-CV-00182-MR-WCM**

| | |
|---|---|
| **JENNIFER LONGO,** | |
| **Plaintiff,** | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| **v.** | |
| **ELIZABETH ASPINWALL, individually and in her official capacity as an employee of Western Carolina University, and WESTERN CAROLINA UNIVERSITY,** | |
| **Defendants.** | |

## STATEMENT OF THE CASE

Plaintiff Jennifer Longo, a former student in the Doctor of Physical Therapy Program (Program) at Western Carolina University (WCU), filed a complaint in this matter in Jackson County Superior Court on June 1, 2020, against WCU and Elizabeth Aspinwall ("Defendant Aspinwall") in her official and individual capacity (collectively referred to as "Defendants"). On July 8, 2020, Defendants filed a Notice of Filing of Notice of Removal with the Jackson County Superior Court. On that same day, Defendants filed a Notice of Removal with this Court.

## STATEMENT OF THE FACTS[1]

While she was enrolled in the undergraduate program at WCU, Plaintiff was diagnosed with an eating disorder and a major depressive disorder. (Compl. ¶¶ 11, 14-15) In August 2016, Plaintiff began the Program at WCU, and she finished the semester with a 3.47 GPA. (Compl. ¶¶ 16, 19) In January 2017, after beginning her spring semester, Plaintiff took a medical withdrawal from the Program and began a one-month outpatient program in Virginia. (Compl. ¶ 20)

After receiving treatment, Plaintiff reenrolled in the Program in January 2018. (Compl. ¶¶ 22-23) Prior to reenrolling, Plaintiff attested "to [her] ability to meet the essential functions of [their] physical therapy program as described in *Essential Functions and Technical Standards of Physical Therapy*." (Compl. Ex. A) In February 2018, Plaintiff met with Dr. Dave Hudson, Professor and Department Head of Physical Therapy at WCU. (Compl. ¶¶ 24) During the meeting, Dr. Hudson reminded Plaintiff that, prior to reenrolling, she had attested that she would be able to complete all of the essential functions of the program, which is a requirement for all students. (Id.)

On March 1, 2018, Plaintiff's father had her involuntarily committed for three days at the Harris Regional Hospital in Sylva, North Carolina, and for three more days at the Haywood Regional Medical Center in Waynesville, North Carolina. (Compl. ¶ 26) After returning to the Program, Plaintiff attempted to make up the work that she had missed while

---

[1] While Plaintiff's allegations are assumed to be true for the purposes of this motion, Defendants reserve the right to contest them at the appropriate time if the case proceeds.

she was committed. (Compl. ¶ 28) On March 2, 2018, Plaintiff received a letter from Dr. Hudson dismissing her from the Program. (Compl. ¶ 31)

In the March 2, 2018 letter, Dr. Hudson explained why Plaintiff was being dismissed from the Program. (Compl. Ex. A)  He noted that upon her return to the Program, she had attested to her "ability to meet the essential function of [the] physical therapy program …." (Compl. Ex. A) Specifically, he noted the following behaviors that she had exhibited since her return to the Program, which included some of the following incidents: (1) becoming disengaged, despondent, and unable to attend class after learning that she received a C; (2) "present[ing] to a practical examination with wounds that [she] admitted … were self-inflicted and related to stress"; (3) "threatening suicide as a condition of whether or not [she] remained in the DPT program"; and (4) without notifying any of the faculty, missing a week of class – this was even more significant due to a shortened semester – which caused her to miss multiple exams, a quiz, and prevented her from turning in her assignments. (Compl. Ex. A) As these behaviors indicated an inability to fulfill the responsibilities of being a physical therapist, specifically the promotion of "the health, vitality, and wellbeing of others," they decided to dismiss her from the Program. (Compl. Ex. A)

After Plaintiff was dismissed from the Program, Elizabeth Aspinwall, WCU's Assistant Director of Counseling and Psychological Services, acting within the course of her employment, completed a petition for involuntary commitment against Plaintiff. (Compl. ¶ 33) This petition was filed pursuant to N.C.G.S. § 122C-261. In this case, the petition was then approved by a local magistrate, and Plaintiff was taken to Raleigh, North

Carolina, for approximately one week. (Compl. ¶ 34; Def.'s Ex. 1)[2] After one week, the Petition was not upheld and expired, and Plaintiff was then released from custody. (Compl. ¶ 34)

## DISMISSAL STANDARD

Plaintiff's claims should be dismissed under Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure.

When determining the existence of subject matter jurisdiction, the Court may look to evidence outside the pleadings without converting a Rule 12(b)(1) motion to a motion for summary judgment. *See, e.g., Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Id.* (citations omitted). The plaintiff bears the burden of proving subject matter jurisdiction exists. *Id.*

For Rule 12(b)(2) challenges to jurisdiction, the pleading's allegations are merely evidence on the issue and are not controlling. "When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a

---

[2] As the magistrate's order were referenced by Plaintiff's Complaint, for purposes of this motion, Defendant requests that this Court take judicial notice of this document. *See* N.C.G.S. § 8C-1, Rule 201 (2017); *Silver v. Halifax Cty. Bd. of Comm'rs*, 805 S.E.2d 320, 330 (N.C. Ct. App. Sept. 19, 2017) (stating that a trial court can take judicial notice of a court order), *aff'd*, 371 N.C. 855, 821 S.E. 2d 755 (2018).

preponderance of the evidence." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the plaintiff's allegations. On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all well-pled allegations are presumed to be true, and the Court views the allegations in the light most favorable to the plaintiff. *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). Legal insufficiency may be found from an absence of allegations sufficient to make a good claim. When considering a motion under Rule 12(b)(6), "it is not . . . proper to assume that plaintiff[] can prove facts that [she has] not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 221 (4th Cir. 1994) (citations omitted). While this Court must accept Plaintiff's allegations as true, it need not accept as true her asserted legal conclusions. "Were it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint." *United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1979); *see also Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (court not bound by plaintiff's legal conclusions in deciding motion to dismiss).

## ARGUMENT

In her Complaint, Plaintiff purportedly brings the following causes of action: (1) claims under the American with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973 (Rehabilitation Act) against Defendant WCU; and, (2) claims

of False Imprisonment, Abuse of Process, Malicious Prosecution, and Infliction of Mental Distress against Elizabeth Aspinwall acting in the course and scope of her employment and outside the scope of her employment at WCU. For the reasons discussed below, all of these claims should be dismissed.

## I. THIS COURT SHOULD DISMISS PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM UNDER THE ADA AND UNDER THE REHABILITATION ACT UNDER FED. R. CIV. PRO. 12(B)(6).

"Pursuant to Title II of the ADA, 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity.'" *Baird v. Rose*, 192 F.3d 462, 467 (1999) (quoting 42 U.S.C.A. § 12132). "Similarly, the Rehabilitation Act states that 'no otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.'" *Betts v. Rector & Visitors of the Univ. of Va.*, 145 F. App'x 7, 10 (4th Cir. 2005) (quoting 29 U.S.C. § 794(a) (1999)). "The ADA and the Rehabilitation Act are generally construed to impose the same requirements." *Id.*

### a. Plaintiff's claim that Defendant WCU intentionally discriminated against her should be dismissed.

In her Complaint, Plaintiff alleges that the Program's "essential functions" requirement is discriminatory and that Defendant intentionally discriminated against

Plaintiff by dismissing her when she was in good academic standing. (Compl. ¶¶ 39-40) Plaintiff's claim should be dismissed.

To establish a prima facie case under the ADA, a plaintiff must show that: "(1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Baird*, 192 F.3d at 467. In order to allege a violation of a § 504 of the Rehabilitation Act, a plaintiff must allege that (1) she has a disability; (2) she is otherwise qualified; (3) she was excluded from participation in, was denied the benefits of, or was subjected to discrimination solely by reason of her disability; and (4) WCU receives federal assistance. *Proctor v. Prince George's Hosp. Ctr.*, 32 F. Supp. 2d 820, 826 (D. Md. 1998) (citing *Doe v. Univ. of Md.*, 50 F.3d 1261, 1265 (4th Cir. 1995)).

"An otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap." *Se. Cmty. Coll. v. Davis*, 442 U.S. 397, 406 (1979). Conversely, the Act "imposes no requirement upon an educational institution to lower or to effect substantial modifications of standards to accommodate a handicapped person." *Id.* at 413.

In the case at bar, Plaintiff argues that Defendant WCU intentionally discriminated against her by dismissing her from the program, even though she was in good academic standing and was performing all of her required tasks. (Compl. ¶ 39) However, Dr. Hudson's letter states that Plaintiff was dismissed because she was unable to comply with

7

the essential functions of the Program. (Compl. Ex. A) Plaintiff does not state that she would have been able to comply with the requirements enumerated in the essential function document with or without an accommodation. Rather, without any supporting evidence, Plaintiff states that "[t]he 'essential functions' requirement of Western Carolina is discriminatory on its face." (Compl. ¶ 40)

Plaintiff's argument is not supported by any facts or law showing that this requirement is discriminatory. It is well established that the courts will give great deference to an educational institution's determination regarding the necessary qualifications for their students. *See, e.g.*, *Halpern v. Wake Forest Univ. Health Sci.*, 669 F.3d 454, 463 (4th Cir. 2012) ("Because we are likewise at a comparative disadvantage in determining whether Halpern is qualified to continue in the Doctor of Medicine program … we accord great respect to Wake Forest's professional judgments on these issues."). Further, Plaintiff pleads no facts showing how these requirements were discriminatory. As Plaintiff failed to show that she was otherwise qualified to participate in this program and that she was discriminated against because of her disability, her claim that Defendant WCU intentionally discriminated against her should be dismissed.

**b.     Plaintiff's claim that Defendant WCU failed to accommodate her should be dismissed.**

Plaintiff's claims that Defendant WCU failed to accommodate her should be dismissed because they are unsupported by the factual allegations necessary to survive dismissal pursuant to Rule 12(b)(6). While the ADA and Rehabilitation Act contain different language, "they require a plaintiff to demonstrate the same elements to establish

liability." *Halpern*, 669 F.3d at 461. As noted above, to bring a claim under the ADA a plaintiff must show that: "(1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *See Constantine*, 411 F.3d at 498. In order "[t]o show that she is otherwise qualified, a plaintiff must demonstrate that she 'could satisfy the essential eligibility requirements of the program' at issue, or, if she could not, that a 'reasonable accommodation' by the defendant would allow her to meet these requirements." *Zimmeck v. Marshall Univ. Bd. of Governors*, 106 F. Supp. 3d 776, 781 (S.D. W.Va. 2015) (citing *Halpern*, 669 F.3d at 462), *aff'd*, 632 F. App'x 117 (4th Cir. 2015).

In the case at bar, Plaintiff has failed to plead any facts showing that with or without accommodation she could meet the requirements of the program. In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must include factual allegations that are "enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and that allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Here, Plaintiff has not alleged any facts showing that with or without accommodation, she could meet the essential functions of the program. Rather, she has simply stated that the essential functions of the program are discriminatory. (Compl. ¶ 40) While she alleged that she "was in good academic standing and meeting Defendants (sic) reasonable expectations for student performance" (Compl. ¶ 42), she failed to show that

9

she could actually comply with the requirements of the program. Despite including the letter from Dr. Hudson, she failed to allege any facts that she would be able to comply with the essential functions discussed in his letter, specifically number 5. Rather, her Complaint shows that she would be unable to meet these requirements. It states that, among other things, she had previously withdrawn from the program, went into inpatient treatment, and shortly after her return to the program, she was involuntarily committed by her father. (Compl. ¶¶ 20, 22, 26)

Also, other than conclusory statements, Plaintiff fails to provide the Court with any evidence that she actually requested accommodations from Defendant WCU. While she mentions that she once asked for an accommodation, she fails to provide any actual information about this alleged request. (Compl. ¶ 41) This lack of information forces the Court to speculate about all aspects of this alleged request for accommodations. Without this information, it is impossible to discern whether Plaintiff complied with the legal requirements of requesting an accommodation. As Plaintiff neither alleged she that could satisfy the requirements of the program without an accommodation nor provided any information about her alleged request for accommodation, she has failed to state a claim that Defendant WCU did not accommodate her. Therefore, her claims under the ADA and the Rehabilitation Act should be dismissed.

## II. THE DOCTRINE OF SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS OF FALSE IMPRISONMENT, ABUSE OF PROCESS, MALICIOUS PROSECUTION, AND INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT ASPINWALL IN HER OFFICIAL CAPACITY.

Plaintiff's claims against Defendant Aspinwall in her official capacity as an employee of WCU should be dismissed. The claims of false imprisonment, abuse of process, malicious prosecution, and infliction of mental distress[3] are intentional torts. *See e.g.*, *Lispscomb v. United States*, No. 3:16-cv-102-FDW, 2016 U.S. Dist. LEXIS 27757, at *4-5 (W.D.N.C. Mar. 3, 2016) ("The intentional torts exception retains the United States' immunity in cases involving '[a]ny claim arising out of … false imprisonment … malicious prosecution [and] abuse of process ….") (citation omitted); *Ji-Da Dai v. Univ. of N.C.*, 2003 U.S. Dist. LEXIS 15880, at *25 (M.D.N.C. 2003) ("the tort of intentional infliction of emotional distress") (citation omitted).[4] "A governmental entity and its officers or employees when sued in their official capacity are immune from suits based on tort claims, unless there has been some waiver." *Aune v. Univ. of N.C.*, 120 N.C. App. 430, 436, 462 S.E.2d 678, 683 (1995) (citation omitted).

For tort claims, the State has provided only a limited waiver of sovereign immunity, by enacting the Tort Claims Act. The State, including the University, may be "sued in tort only as authorized in the Tort Claims Act." *Davis v. N.C. State Highway Comm'n*, 271 N.C. 405, 408, 156 S.E.2d 685, 687 (1967) (citations omitted). The Tort Claims Act

---

[3] As the infliction of mental distress is not a cognizable claim, for purposes of this motion, Defendants are treating this as a claim for infliction of emotional distress.

[4] It is unclear from her Complaint whether Plaintiff is alleging intentional or negligent infliction emotion distress. For purposes of this section, Defendant is treating it as a claim of intentional infliction of emotional distress, as the rest of the named torts are all intentional acts. If Plaintiff is alleging negligent infliction of emotional distress, then the claim should still be dismissed, as this court does not have jurisdiction over claims of negligence by state agencies. *See* N.C.G.S. § 143-291 (2017).

establishes the Industrial Commission as the designated court for "the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C.G.S. § 143-291(a) (2017). Furthermore, the Tort Claims Act "authorizes recovery only for negligent torts. Intentional torts committed by agents and officers of the State are not compensable under the Tort Claims Act." *Wojsko v. State*, 47 N.C. App. 605, 610, 267 S.E.2d 708, 711 (1980).

At all relevant times, Defendant Aspinwall was an employee of WCU acting in her official capacity. WCU is an agency of the State of North Carolina funded by the North Carolina General Assembly. N.C. Gen. Stat. § 116-4 (2017). A judgment against this agency would be a judgment against the State. *Huang v. Bd. of Governors of Univ. of N.C.*, 902 F.2d 1134, 1138 (4th Cir. 1990). Accordingly, for purposes of this action, WCU and its officials are alter egos of the State of North Carolina, and sovereign immunity operates to bar Plaintiff from pursuing her intentional tort claims against WCU and its official acting in her official capacity. *See Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 540-41 (2002); *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 120 (1984); *Huang*, 902 F.2d at 1138. "[T]he State of North Carolina has not waived its sovereign immunity regarding any tort claims other than claims of negligence brought before the Industrial Commission under Article 31 of Chapter 143 of the Tort Claims Act." *Hooper v. North Carolina*, 379 F. Supp. 2d 804, 812 (M.D.N.C. 2005).

Sovereign immunity bars Plaintiff's claims of false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress in that the state has

only consented to be sued in the Industrial Commission for tort claims. Tort Claims Act, N.C. Gen. Stat. §§ 143-291 *et seq*. (2017). In addition, if Plaintiff is bringing a claim for negligent infliction of emotional distress, it would also be barred, as the Industrial Commission has jurisdiction over all negligence claims against state agencies. The State of North Carolina has not waived its sovereign immunity to permit direct claims against the State to be brought against it in federal court for intentional torts. Therefore, Plaintiff's claims of false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotional distress against Defendant Aspinwall in her official capacity or WCU should be dismissed.

**III. THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT ASPINWALL IN HER INDIVIDUAL CAPACITY BECAUSE ANY OF THE ALLEGED ACTIONS TAKEN WERE INEXTRICABLY TIED TO HER OFFICIAL DUTIES, AND PLAINTIFF CANNOT CIRCUMVENT SOVEREIGN IMMUNITY MERELY BY BRINGING CLAIMS FOR INDIVIDUAL LIABILITY.**

The Fourth Circuit Court of Appeals has recently addressed the issue of whether a plaintiff's complaint, which names a defendant in his or her individual capacity, nonetheless effectively states a claim against the State itself. *Martin v. Wood,* 772 F.3d 192 (4th Cir. 2014). The Court stated that:

> To identify the real, substantial party in interest, we thus examine <u>the substance</u> of the claims states in the complaint, positing inquiries such as: (1) were the allegedly unlawful actions of the state officials "tied inextricably to their official duties," *Lizzi v. Alexander*, 255 F.3d 128, 136 (4th Cir. 2001), *aff'd*, 534 U.S. 1081 (2002); (2) if the state officials had authorized the desired relief at the outset, would the burden have been borne by the State, *cf. Pennhurst*, 465 U.S. at 109, n.7; (3) would a judgment against the state officials be "institutional and official in character," such that it would operate against the State, *id.* at 108; (4) were the actions of the state officials taken

to further personal interests distinct from the State's interests, *id.*; and (5) were the state officials' actions ultra vires, *id.* at 111; *Lizzi*, 255 F.3d at 136.

*Id.* at 196. The Court stated that "[t]he inevitable conclusion follows that [the defendants'] actions were 'inextricably tied' to their <u>official duties</u> at the Hospital" and "that sovereign immunity - grounded in the Eleventh Amendment - requires dismissal of the suit[.]" *Id.* (citations omitted).

Here, Plaintiff sued Defendant Aspinwall in her individual and official capacity. However, as stated in Plaintiff's Complaint, Defendant Aspinwall's actions were inextricably tied to her official duties at WCU, and were completed "during the course and scope of her employment at Western Carolina …." (Compl. ¶ 33) Plaintiff cannot circumvent sovereign immunity, grounded in the Eleventh Amendment, by suing Defendant Aspinwall in her individual capacity when all of the alleged actions that occurred were directly connected to her official duties. Thus, any cause of action against Defendant Aspinwall in her individual capacity should also be subject to sovereign immunity, and this Court should dismiss Plaintiff's claims against her in her individual capacity.

## IV. IF THIS COURT FINDS THAT PLAINTIFF'S CLAIMS OF INTENTIONAL TORTS ARE NOT BARRED BY SOVEREIGN IMMUNITY, THEN THIS COURT SHOULD DISMISS THESE CLAIMS BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Whether Defendant Aspinwall was acting inside or outside the course and scope of her employment when she filed the petition for involuntary commitment against Plaintiff, Plaintiff's claims for false imprisonment, abuse of process, malicious prosecution, and

intentional infliction of emotional distress should be dismissed. When considering a motion under Rule 12(b)(6), "it is not . . . proper to assume that plaintiff[] can prove facts that [she has] not alleged or that the defendants have violated the . . . law[] in ways that have not been alleged." *Estate Constr. Co.*, 14 F.3d at 221 (citation omitted). Under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). If the complaint does not plead "sufficient factual matter" to state a claim, it must be dismissed. *Id.* Likewise, if the complaint merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it must be dismissed. *Id.* (citation omitted).

> **a.** **Plaintiff failed to state a claim of false imprisonment.**

Plaintiff failed to allege sufficient facts to show that Defendant Aspinwall, whether acting inside or outside the course and scope of her employment, falsely imprisoned her. "In order to sustain a claim for false imprisonment, [p]laintiff must show that he was detained or restrained against his will, and that his detention or restraint was unlawful." *White v. Town of Chapel Hill*, 899 F. Supp. 1428, 1437 (M.D.N.C. 1995) (citing *Hoffman v. Clinic Hosp. Inc.*, 213 N.C. 669, 670, 197 S.E. 161, 162 (1938)), *aff'd*, No. 95-1267, 1995 U.S. App. LEXIS 33095 (4th Cir. Nov. 27, 1995). A claim of "false imprisonment is

based upon the deprivation of one's liberty *without* legal process." *Fowle v. Fowle*, 263 N.C. 724, 727, 140 S.E.2d 398, 400 (1965) (quoting *Melton v. Rickman*, 225 N.C. 700, 703, 36 S.E.2d 276, 277 (1945). When an individual is committed pursuant to a valid order, there is no evidence of false imprisonment. *Id.* at 728, 140 S.E.2d at 401.

In this case, Plaintiff failed to state a false imprisonment claim. Plaintiff failed to allege that she was detained or restrained against her will. Plaintiff failed to allege that the detention or restraint was unlawful. Furthermore, Plaintiff cannot state a false imprisonment claim against Defendant Aspinwall when a magistrate judge entered an order for Plaintiff's involuntary commitment. (*See* Def.'s Ex. 1). Plaintiff alleged Defendant Aspinwall's only role in this matter was filing a petition for an involuntary commitment. (Compl. ¶¶ 33-34) According to Plaintiff, after Defendant Aspinwall filed the petition for involuntary commitment during the course and scope of her employment, a magistrate judge ordered Plaintiff to be involuntarily committed, and the petition was then approved by a local magistrate, which led to Plaintiff being taken to Raleigh and held for one week. (Compl. ¶¶ 33-34; Def.'s Ex. 1).

In her Complaint, Plaintiff alleges no facts showing that Defendant Aspinwall actually "detained or restrained her against [her] will." Rather, it is only alleged that Defendant Aspinwall completed the petition, which was then approved by a magistrate. (Compl. ¶ 33; Def.'s Ex. 1) As such, Plaintiff has failed to allege facts that Defendant Aspinwall falsely imprisoned her, and this claim should be dismissed. While not directly named in the Complaint, any claim by Plaintiff that she was falsely imprisoned by WCU should also be dismissed.

**b.** **Plaintiff failed to state a claim of abuse of process.**

Similar to her false imprisonment claim, Plaintiff has failed to allege any facts showing that Defendant Aspinwall, whether acting inside or outside the course and scope of her employment, committed abuse of process, and this claim should be dismissed. "[A]buse of process is the misuse of legal process for an ulterior purpose." *Hawkins v. Webster*, 78 N.C. App. 589, 593, 337 S.E.2d 682, 685 (1985) (quoting *Stanback v. Stanback*, 297 N.C. 181, 200, 254 S.E.2d 611, 624 (1979)). In order to succeed on her abuse of process claim, Plaintiff must show "that (1) a prior proceeding was initiated against [her] by the defendant or used by him to achieve an ulterior purpose or motive; and (2) the defendant committed some willful act not proper in the regular prosecution of the proceeding once the proceeding was initiated." *Priority Ambulance, LLC, v. Poirier*, No. 4:14-CV-00045-F, 2016 U.S. Dist. LEXIS 176283, at *10-11 (E.D.N.C. Dec. 21, 2016) (citation omitted). Further, "[t]here is no cause of action for abuse of process when the process, even though maliciously obtained, is used only for the purpose of which it was intended and the result accomplished was warranted by the writ." *Koury v. John Meyer of Norwich*, 44 N.C. App. 392, 396, 261 S.E.2d 217, 220 (1980) (citations omitted).

In the case at bar, Plaintiff has failed to satisfy any of the elements of abuse of process. The only allegation made against Defendant Aspinwall was that she filed a petition for involuntary commitment against Plaintiff. (Compl. ¶¶ 33-34) Plaintiff failed to plead any facts showing that the petition for involuntary commitment was filed with an ulterior motive, or that Defendant Aspinwall "committed some willful act … once the proceeding was initiated." Further, Plaintiff failed to plead facts that Defendant Aspinwall filed the

petition for involuntary commitment for an ulterior purpose or motive or that Defendant Aspinwall committed some willful act not proper in the regular prosecution of the petition for involuntary commitment filing. Because Plaintiff failed to allege the essential elements of an abuse of process tort, this Court should dismiss Plaintiff's abuse of process claim. In addition, while not directly named in the Complaint, any claim by Plaintiff against WCU for abuse of process should also be dismissed on the same grounds.

      **c.**      **Plaintiff failed to state a claim of malicious prosecution.**

Similar to her previous claims, Plaintiff has failed to allege any facts showing that Defendant Aspinwall, whether acting inside or outside the course and scope of her employment, committed the tort of malicious prosecution, and this claim should be dismissed. "The common law action for malicious prosecution was originated as a remedy for unjustifiable criminal prosecutions." *Koury*, 44 N.C. App. at 397, 261 S.E.2d at 220 (citations omitted). "However, in North Carolina and many other states, the right of action has been extended to include the malicious institution of civil proceedings which involve an arrest of the person or seizure of property or which result in some special damage." *Id.*, 261 S.E. 2d at 220-21 (citations omitted). "To maintain an action for malicious prosecution, a plaintiff must show (1) that the defendant instituted or caused to be instituted against him a criminal proceeding (or, as here, a civil proceeding resulting in some special damage), (2) with malice, (3) without probable cause, and (4) that such proceeding has been terminated in favor of the plaintiff who asserts the claim for malicious prosecution." *Id.*, 261 S.E. 2d at 221 (citing *Taylor v. Hodge*, 229 N.C. 558, 50 S.E. 2d 307 (1948)).

While Plaintiff may have included the boilerplate elements of this claim by alleging that "Aspinwall filed said petition with malice, lack of probable cause and the termination of the proceeding was in favor of the Plaintiff as the involuntary commitment was not upheld and the petition for involuntary commitment expired," (Compl. ¶ 54[5]) her bare-bones recital of the elements is insufficient to survive a motion to dismiss subject to Rule 12(b)(6), as she alleges no facts to support such claim.  *See Iqbal,* 556 U.S. at 678. Plaintiff failed to allege facts sufficient to support the elements of her malicious prosecution claim, and thus failed to satisfy the pleading requirements set forth in *Iqbal* and *Twombly*.  As such, this Court should dismiss Plaintiff's malicious prosecution claim.  In addition, while not directly named in the Complaint, any claim by Plaintiff against WCU for malicious prosecution should also be dismissed on the same grounds.

### d.   Plaintiff failed to state a claim of intentional infliction of emotional distress.

Plaintiff has failed to allege any facts showing that Defendant Aspinwall, whether acting inside or outside the course and scope of her employment, committed the tort of intentional infliction of emotional distress. To prove a case of intentional infliction of emotional distress, "a plaintiff must demonstrate that the defendant engaged in (1) extreme and outrageous conduct (2) which is intended to cause and does cause (3) severe emotional distress." *Strickland v. Jewell*, 562 F. Supp. 2d 661, 676 (M.D.N.C. 2007) (citing *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 487-88, 340 S.E.2d 116, 119 (1986)). In

---

[5] Beginning with the allegations in Plaintiff's Third Cause of Action, Plaintiff reset how the paragraphs were numbered. Defendant is citing to the Complaint's 54th Paragraph, which is Paragraph 4 under the Third Cause of Action.

North Carolina, the "courts have defined 'extreme and outrageous conduct' as 'conduct [which] exceeds all bounds usually tolerated by decent society.'" *Id.* (quoting *Beck v. City of Durham*, 154 N.C. App. 221, 231, 573 S.E.2d 183, 191 (2002)). In addition, in order to show that she suffered severe emotional distress, Plaintiff must show "evidence of 'severe and disabling' psychological problems." *Id.* (quoting *Waddle v. Sparks*, 331 N.C. 73, 85, 414 S.E.2d 21, 28 (1992)). The courts have found that "[t]his requirement presents a 'high standard of proof' for plaintiffs." *Id.* (quoting *Waddle*, 331 N.C. at 83, 414 S.E.2d at 27).

In this case, Plaintiff has failed to allege facts that satisfy any of these elements. First, the only alleged conduct by Defendant Aspinwall was the completion of a petition for Plaintiff's involuntary commitment, which was then evaluated and approved by a magistrate. (Compl. ¶¶ 33-34; Def's Ex. 1)  While Plaintiff contends that this act was unnecessary, it is certainly not "conduct which exceeds all bounds tolerated by decent society," as required by the courts. *See Strickland*, 562 F. Supp. 2d at 676. Next, the filing of the petition was not done to cause severe emotional distress; rather, it was done for Plaintiff's protection. Finally, Plaintiff has failed to allege facts showing that this act caused her to suffer severe emotional distress that is sufficient to satisfy the "high standard of proof" for these claims. *See Id.* at 676.  For these reasons, Plaintiff's claim for intentional infliction of emotional distress should be dismissed.  In addition, while not directly named in the Complaint, any claim by Plaintiff against WCU for intentional infliction of emotional distress should also be dismissed on the same grounds.

## <u>CONCLUSION</u>

Because of the foregoing, based on Rules 12(b)(1), (2), and (6), Defendants

respectfully request that this Court dismiss Plaintiff's claim in its entirety.


Respectfully submitted, this the 14th day of July, 2020.

JOSHUA H. STEIN
Attorney General

<u>/s/Zach Padget</u>
Zach Padget
Assistant Attorney General
NC State Bar No. 46610
zpadget@ncdoj.gov

NC Department of Justice
PO Box 629
Raleigh, NC 27602
T: (919) 716-6920
F: (919) 716-6764

*Counsel for Defendants*

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the foregoing memorandum complies with Local Rule 7.1(d) in that, according to the word processing program used to produce this brief (Microsoft Word), the document does not exceed 25 pages exclusive of caption, cover, signature lines, index, and certificate of service.

This the 14th day of July, 2020.

/s/Zach Padget
Zach Padget
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Brad H. Ferguson, bradferguson@gmail.com.

This the 14th day of July, 2020.

/s/Zach Padget
Zach Padget
Assistant Attorney General