IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 182 MR WCM

| | |
|---|---|
| JENNIFER LONGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ELIZABETH ASPINWALL, ) | |
| *individually and in her official capacity* ) | |
| *as an employee of Western Carolina* ) | |
| *University*, and WESTERN CAROLINA ) | |
| UNIVERSITY ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss," Doc. 15), which has been referred to the undersigned pursuant to 28 U.S.C. § 636. The Motion to Dismiss is fully briefed and is ripe for ruling. Docs. 16, 21, 22, 23.

I. Relevant Procedural History

A. "Longo I"

On January 22, 2019, Plaintiff Jennifer Longo ("Plaintiff") filed a complaint in the Superior Court of Jackson County, North Carolina against Elizabeth Aspinwall ("Aspinwall") and Western Carolina University ("WCU"). See United States District Court, Western District of North Carolina, 1:19-cv-

1

00058-MOC-WCM ("Longo I") Doc. 1-1. On February 21, 2019, Defendants removed the case to this court, where it was assigned to the Honorable Max O. Cogburn, Jr., United States District Judge.

On March 29, 2019, Defendants filed a Motion to Dismiss. Longo I, Doc. 8.

On April 11, 2019, Plaintiff filed an Amended Complaint alleging that WCU discriminated against her in violation of the Americans with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act, and that Aspinwall, acting in either her official or individual capacity, committed the torts of false imprisonment, abuse of process, malicious prosecution, and "infliction of mental distress." Longo I, Doc. 12.

On May 28, 2019, Defendants filed a Motion to Dismiss seeking dismissal of Plaintiff's claims on the bases of lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, sovereign immunity, and Eleventh Amendment immunity. Longo I, Docs. 15, 16. Plaintiff responded, and Defendants replied. Docs. 17, 18 & 19.

On July 17, 2019, Judge Cogburn granted Defendants' Motion to Dismiss in part and denied it in part. Longo I, Doc. 20.

Subsequently, on January 21, 2020, the parties filed a Joint Stipulation of Dismissal and the case was dismissed without prejudice. Longo I, Doc. 26.

### B. "Longo II"

On June 1, 2020, Plaintiff re-filed her claims against Defendants in the Superior Court of Jackson County. United States District Court, Western District of North Carolina, 1:20-CV-00182-MR-WCM ("Longo II"), Doc. 1-1.

On July 8, 2020, Defendants removed Longo II, Doc 1, and this matter was assigned to the Honorable Martin Reidinger, Chief United States District Judge.

On July 14, 2020, Defendants filed a Motion to Dismiss. Longo II, Doc. 6. Plaintiff responded, and Defendants replied. Longo II, Docs. 8, 9.

On December 8, 2020, the undersigned filed a Memorandum and Recommendation recommending that the Motion to Dismiss be denied without prejudice and that Plaintiff be directed to file an Amended Complaint to clarify some of the factual allegations in the Complaint. Longo II, Doc. 12.

The Memorandum and Recommendation was accepted, Longo II, Doc. 14, and Plaintiff filed an Amended Complaint, Longo II, Doc. 13.

On January 5, 2021, Defendants filed the instant Motion to Dismiss. Longo II, Docs. 15. Plaintiff responded and Defendants replied. Longo II, Docs. 22, 23.

## II. Discussion

In her original Complaint in Longo II, Plaintiff asserted the same claims she had made in her prior pleading—the Amended Complaint in Longo I.

Plaintiff again repeated these claims in her Amended Complaint in Longo II, which is the current operative pleading.[1]

Further, in their briefing, the parties have continued to make the same legal arguments. Compare Longo I, Doc. 16 with Longo II, Docs. 6, 16; Longo I Docs. 17, 18 with Longo II Docs. 7, 8, 21, 22; Longo I Doc. 19 with Longo II Docs. 9, 23.

The parties have not, however, discussed or acknowledged Judge Cogburn's prior Order in Longo I addressing those claims. Specifically, in Longo I, Judge Cogburn ruled as follows:

> Defendants' motion to dismiss is GRANTED as to Plaintiff's official capacity state law claims against Defendants WCU and Aspinwall. At this early stage in the proceedings, Defendants' motion to dismiss is DENIED as to Plaintiff's state law tort claims against Defendant Aspinwall in her individual capacity. Defendants' motion to dismiss is DENIED as to Plaintiff's claim against WCU for disability discrimination under the ADA and the Rehabilitation Act. Furthermore, Plaintiff is not entitled to punitive damages against WCU for a violation of the ADA or the Rehabilitation Act. Thus, the motion to dismiss is GRANTED as to Plaintiff's claim for punitive damages as to Plaintiff's claim for a violation of the ADA or the Rehabilitation Act.

> Longo I, Doc. 20 at 12.

---

[1] These three complaints vary slightly with regard to the issue of punitive damages. A request of punitive damages against "Defendants" appeared in the prayer for relief in Plaintiff's Amended Complaint in Longo I. A similar request was omitted from the prayer for relief in the original Complaint in Longo II. The prayer for relief in the Amended Complaint in Longo II seeks punitive damages against Aspinwall only.

4

Under these circumstances, the undersigned will recommend that the Court follow the reasoning set out by Judge Cogburn in Longo I and deny in part and grant in part the instant Motion to Dismiss. See e.g., SAS Inst., Inc. v. World Programming Ltd., 874 F.3d 370, 378 (4th Cir. 2017) ("The doctrine of res judicata, or claim preclusion, applies when three elements are satisfied. '[T]here must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits.'") (quoting Pueschel v. United States, 369 F.3d 345, 354–55 (4th Cir. 2004)); Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 at n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a '"judgment on the merits."'); Arizona v. California, 530 U.S. 392, 412, 120 S. Ct. 2304, 2318, 147 L. Ed. 2d 374, supplemented, 531 U.S. 1, 121 S. Ct. 292, 148 L. Ed. 2d 1 (2000) ("if a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte,* even though the defense has not been raised. This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste.") (internal citations and quotation marks omitted).

## III. Recommendation

The undersigned **RECOMMENDS** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 16) be:

1. **GRANTED** with respect to Plaintiff's claims against Defendant Aspinwall in her official capacity and that those claims be **DISMISSED;** and

2. **DENIED** with respect to Plaintiff's state law tort claims against Aspinwall in her individual capacity and Plaintiff's claims against WCU for disability discrimination under the ADA and the Rehabilitation Act.

Signed: March 24, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).