THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00182-MR-WCM

| | | |
|---|---|---|
| JENNIFER LONGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ELIZABETH ASPINWALL, | ) | |
| individually and in her official | ) | |
| capacity as an employee of | ) | |
| Western Carolina University, and | ) | |
| WESTERN CAROLINA UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. 15]; the Magistrate Judge's Memorandum and Recommendation regarding the motion [Doc. 24]; and the Defendants' Objections to the Memorandum and Recommendation [Doc. 25].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' motion and to submit a recommendation for its disposition. On March 24, 2021, the

Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendants' Motion to Dismiss be granted with respect to the Plaintiff's claims against Defendant Aspinwall in her official capacity and denied with respect to the Plaintiff's state law tort claims against Aspinwall in her individual capacity and the Plaintiff's claims against Western Carolina University ("WCU") under the Americans with Disabilities Act and the Rehabilitation Act. [Doc. 24]. On April 7, 2021, the Defendants filed Objections to the Magistrate Judge's Memorandum and Recommendation, requesting that the Court dismiss all of the Plaintiff's claims. [Doc. 25].

In the Defendants' Objections, the Defendants assert that all of the Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted. [Doc. 25]. In doing so, the Defendants make the same legal arguments that they previously set forth in their previous Motion to Dismiss the Plaintiff's identical claims in Longo I [1:19-cv-00058-MOC-WCM Doc. 26] and in their current Motion to Dismiss before the Magistrate Judge in Longo II [Doc. 15]. Such "objections" do not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert

the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation regarding the Defendants' Motion to Dismiss.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss Plaintiff's Amendment Complaint [Doc. 15] is:

(1) **GRANTED** with respect to the Plaintiff's claims against Defendant Aspinwall in her official capacity, and those claims are **DISMISSED**; and

(2) **DENIED** with respect to the Plaintiff's state law tort claims against Defendant Aspinwall in her individual capacity and the Plaintiff's claims against WCU for disability discrimination under the ADA and the Rehabilitation Act.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge

3

Case 1:20-cv-00182-MR-WCM   Document 27   Filed 08/17/21   Page 3 of 3