IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No. 1:20-CV-00182-MR-WCM

| | |
|---|---|
| JENNIFER LONGO,<br><br>    Plaintiff,<br><br>v.<br><br>ELIZABETH ASPINWALL, Individually, and WESTERN CAROLINA UNIVERSITY,<br><br>    Defendants. | STIPULATED PROTECTIVE ORDER |

This matter is before the Court on the parties' Joint Motion for Entry of Stipulated Protective Order (Doc. 32). The motion is granted, and the parties' proposed Order is accepted, *except as amended where indicated*.

***

WHEREAS, Plaintiff Jennifer Longo and Defendants Elizabeth Aspinwall and Western Carolina University (collectively, "the parties"), hereby enter into this Stipulated Protective Order to facilitate the exchange of documents and information. Unless modified pursuant to the terms contained herein, this Order shall remain in effect through any dismissal or entry of final judgment not subject to further appeal.

WHEREAS, discovery sought in this action may require the production

1

of certain confidential information, including but not limited to documents protected by the Health Insurance Portability and Accountability Act (HIPAA) and the Family Educational Rights and Privacy Act (FERPA) and documents related to State employee personnel files protected pursuant to N.C. Gen. Stat. § 126-22 *et seq.*;

WHEREAS, the parties seek to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to materials so entitled; and

WHEREAS, the parties have agreed to the entry of this Order protecting the confidentiality of such information, and there is good cause for the issuance of this Order pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby ordered, with the consent of the parties, as follows:

1. <u>Intent and Purpose</u>.  In accordance with the provisions set forth below, the Court intends that confidential information and documents produced, obtained or exchanged in the course of this action shall be used by the party to whom such documents are produced, obtained or exchanged solely for the purpose of this lawsuit and for no other purpose.

2. <u>Confidential Information</u>.  Any documents produced or exchanged

between the parties, and any information contained in discovery, including but not limited to deposition testimony, deposition exhibits, and responses to third-party subpoenas, which a party believes is protected from disclosure under governing law, may be designated as "Confidential." All documents and information so designated and all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party designating information as Confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order *to the extent allowed by law*; and provided further that nothing in this Order shall prevent any party from challenging the designation of any document as Confidential.

3. <u>Designation</u>. Any party may designate a document as Confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL" in a manner that will not interfere with the legibility of the document or may, in the alternative, by written notice inform opposing counsel that the document is to be treated as Confidential Information. Electronic documents may be designated as Confidential and restricted in disclosure under this Order by placing "CONFIDENTIAL" in the electronic file name. It is agreed by the parties that if a party wishes to maintain the confidentiality of the document in a brief or other court filed

3

document, then the party must follow the procedures set forth in paragraphs 11 and 12 in this Order and any related Order by the Court.

4. <u>Production to Counsel</u>. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order.

5. <u>Permissible Disclosures</u>. Notwithstanding paragraph 2 herein, Confidential Information may be disclosed to the parties; to counsel for the parties; to the partners, associates, secretaries, paralegals, assistants, and employees of such attorney to the extent reasonably necessary to render professional services to the parties; to court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions); and to any person designated as a mediator by order of the Court or agreement of the parties. Subject to the provisions of this paragraph, such Confidential Information may also be disclosed:

    A. To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

    B. To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify;

    C. To employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this action, including the

performance of such duties in relation to a computerized litigation support system;

D. To consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding; and

E. To employees of third-party contractors performing one or more of these functions.

Prior to any disclosure to any person described in 5A–E above, the individual to whom disclosure is to be made must have completed the certification contained in Attachment 1, ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND, such form to be retained by counsel.

Before disclosing Confidential Information to any person or entity not listed or described above, a party who wishes to make such disclosure shall either (1) obtain the written consent of the party or person who designated the information as confidential to disclose the information to the individual; or (2) move the Court for permission to do so on such terms and conditions as the Court may order.

6. Declassification. A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document or information (or a category of documents or information)

5

designated as confidential is not entitled to such status or protection. The party or other person that designated the document or information as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

    7.    <u>Confidential Information in Depositions.</u>

    A. A deponent may, during the deposition, be shown and be examined about confidential documents if the deponent already knows of the Confidential Information contained therein, or if the provisions of paragraph 5 are complied with. In the event a deponent noticed for a deposition fails or refuses to sign the form prescribed in paragraph 5, the party noticing the deposition shall apply to the Court for an Order making the provisions of this Order binding on the deponent. Deponent shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 5. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially Confidential Information.

    B.    Parties (and deponents) may, within thirty (30) days after receiving the transcript of a deposition taken after the entry of this Order,

designate pages of the transcript (and exhibits thereto) as confidential. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential – Subject to Protection Pursuant to Court Order;" and serving copies of the marked pages on counsel for all other parties. Entire transcripts may be so designated by giving notice of such designation in writing to counsel for all other parties. Until expiration of the thirty-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. A party may also designate a portion of the deposition as Confidential during the deposition. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked. Any party wishing to use Confidential Information within a deposition transcript shall follow the procedures set forth in paragraphs 11 and 12 in this Order and any related Order by the Court. Similarly, any party may designate documents produced by a third-party in response to a subpoena as Confidential by notifying the other parties in writing within thirty (30) days after the designating party receives a copy of the subpoena response.

      C.    The parties (and deponents) may, within thirty (30) days of

7

the entry by the Court of this Order, designate pages of depositions, deposition exhibits and/or entire depositions previously taken in this action as confidential by following the procedure set forth in paragraph 7B above. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

8. <u>Subpoena by Other Courts or Agencies</u>. If another court or an administrative agency subpoenas or orders production of Confidential Information that a party or other person has obtained under the terms of this Order, such party or person shall promptly notify the party or other person who designated the information as confidential of the pendency of such subpoena or order. Such notification shall take place as soon as practicable and in advance of the date on which the Confidential Information is sought, and in sufficient time for the designating party to object to or move to quash the subpoena or order.

9. <u>Use.</u> Persons obtaining access to Confidential Information under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative or judicial proceedings. The parties are prohibited from any use

8

of information protected under this order that is calculated to interfere with, disrupt or undermine the business or financial arrangements or plans of the disclosing party. However, nothing herein shall be construed as limiting the parties' use of its own confidential information and such use shall not constitute a waiver of the terms of this Order or the status of such information as confidential information. The parties may remove the "Confidential" designation from any information they have previously so designated.

10. <u>Production</u>. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

A. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

B. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

C. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered confidential; or

D prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

11. <u>Motions to Seal</u>. Each time a party seeks to file under seal

9

confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out findings in a proposed order to seal for the court. *Motions to seal shall be made in conformity with the Local Rules of this district, including Local Civil Rule 6.1.*

12. <u>Filing under Seal</u>. ~~When a party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order."~~ *To the extent any party seeks leave to file information with the Court under seal, such request shall be made*

10

*in conformity with the Local Rules of this district, including Local Civil Rule 6.1.*

13. <u>Non-Termination.</u> The provisions of this Order shall not terminate at the conclusion of this action and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. Within sixty (60) days after the final conclusion of all aspects of this litigation, including any and all possible appeals, Confidential Information and all copies of same (other than exhibits of record and documents required by law to be retained by a party or person) shall be returned to the party or person which produced such information or, at the option of the producing party or person (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the Confidential Information no more than sixty (60) days after the final conclusion of this litigation. *"Confidential" information provided to the Court or appearing on the Court's docket may be subject to a final order of the Court upon the conclusion of the litigation.*

14. <u>Modification Permitted.</u> Nothing in this Order shall prevent any party or other person from seeking modification of this Order, contesting the designation of information or documents as confidential, or from objecting to discovery that it believes to be otherwise improper. This Protective Order can be modified only by written agreement of the parties or by Order of this Court.

11

Each party reserves the right to object to any party's motion or request to modify this Protective Order.

15. <u>Responsibility of Parties.</u> The attorneys of record and parties are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information. Parties shall not duplicate any confidential documents except working copies and for filing in Court under seal.

16. <u>Waiver.</u>

    A. Review of Confidential Information by counsel, experts, or consultants for the parties in this litigation shall not waive the confidentiality of information and documents or objections to production.

    B. *To the extent allowed by law,* the inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed as waiver, in whole or in part, of any party's claims of confidentiality. Further, *to the extent allowed by law*, the production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

17. <u>Reservation of Rights.</u> Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged authenticity, relevancy, admissibility, or discoverability of

the Confidential Information sought. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any confidential information of affects the admissibility of any evidence. The procedures to govern the use and disclosure of confidential information at trial shall be subject to a further order of the Court.

18. Persons Bound. <u>This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.</u>

Signed: February 15, 2022

W. Carleton Metcalf
United States Magistrate Judge

**ATTACHMENT 1**
ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-CV-00182-MR-WCM

| | |
|---|---|
| JENNIFER LONGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ELIZABETH ASPINWALL, | ) |
| Individually and | ) |
| WESTERN CAROLINA | ) |
| UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the ~~Middle~~ *Western* District of North Carolina in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

[INTENTIONALLY LEFT BLANK]

15

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____ Signature: _____